UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CLAUDETTE DANIEL,

        Plaintiff,

  vs.

SELECT PORTFOLIO SERVICING, LLC,

        Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, CLAUDETTE DANIEL, by and through undersigned counsel, and brings this action against the Defendant, SELECT PORTFOLIO SERVICING, LLC ("SPS"), and as grounds thereof would allege as follows:

### INTRODUCTION

1.      This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2.      The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3.      The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4.        SPS has developed and employed a scheme of indiscriminately ordering property inspections and charging fees for same to Plaintiff's mortgage loan. The purpose of charging these fees is to increase SPS's profit at the expense of Plaintiff.

5.        Upon information and belief, SPS has marked-up the cost of the inspections at the expense of Plaintiff in order to obtain a financial benefit for the meaningless inspections of Plaintiff's home.

## JURISDICTION

6.        Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

7.        Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8.        Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.        Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

10.        At all times material hereto, Defendant, SPS was and is a foreign Corporation, incorporated under the laws of the State of Utah, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301.

11.        At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County, Florida.

*TL-9324*                                                                                                    *v.2*

12.     At some point in time prior to the violations alleged herein, SPS was hired to service the subject loan.

13.     At all times material hereto, SPS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** SW. 181st Ave.,  Pembroke Pines, Florida 33029.

14.     At all times relevant to this Complaint, SPS, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

15.     At all times relevant to this Complaint, SPS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

16.     At all times relevant to this Complaint, SPS, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

17.     At all times relevant to this Complaint, SPS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18.     Upon information and belief, the primary function of SPS's servicing business is to collect payment on mortgage accounts.

19.     Upon information and belief, SPS, began servicing the subject loan after it was allegedly already in default.

20.     Upon information and belief, SPS, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

21.     The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

22.     At all times relevant to this Complaint, Plaintiff, was and is a  natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

23.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

24.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by SPS as loan number: ******3272 (herein after the "Mortgage Loan").

## REQUEST FOR INFORMATION

25.     Plaintiff had legitimate concerns about specific charges that were being added to Plaintiff's account, including property inspection fees.

26.     In an effort to utilize the protections afforded to consumers by Congress, on or about August28, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to SPS a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). SPS received Plaintiff's RFI on or about September 4, 2015.

27.     A true and correct copy of same is attached as Exhibit "A".

28.     Plaintiff's RFI asked SPS to: (1) provide a complete pay history for the life of the loan; and (2) provide a detailed explanatin and documentation to support various charges on a August 13, 2015, mortgage statement.

29.     Plaintiff's RFI also put SPS on notice that the correspondence was a "formal dispute notice pursuant to the mortgage" regarding the imposition of property inspection fees. *See Exhibit "A"*.

30.     SPS, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

31.     SPS, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

32.     On September 18, 2015, SPS issued a written response to Plaintiff's RFI (the "Response").

33.     A true and correct copy of same is attached hereto as Exhibit "B".

34.     The Response did not explain any of the charges inquired about and did not provide any supporting documentation.

35.     As such, on November 4, 2015, Plaintiff, through her counsel, sent SPS a follow-up correspondence asking for the documentation regarding the charges.

36.     A true and correct copy of same is attached hereto as Exhibit "C".

37.     To date, Plaintiff has not received an explanation of the fees complained of on the August 13, 2015, mortgage statement or any documentation to support same.

38.     As such, SPS has failed or refused to adequately respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## PROPERTY INSPECTIONS

39.     Upon information and belief, SPS has been charging Plaintiff $15.00 for monthly property inspections including, but not limited to, on: January 8, 2015, February 25, 2015, March 23, 2015, July 31, 2015, and August 3, 2015.

40.     Upon information and belief, these charges are for property inspections purportedly conducted of the Property.

41.     Accompanied with each $15.00 charge for property inspections is a $1.50 fee labeled as "MISC. CORPORATE DISBURSEMENT" frequently found on payment histories issued by SPS. *See Exhibit "D"*.

42.     Upon information and belief, SPS has no right to charge a $1.50 fee in addition the unlawful property inspection fees charges.

43.     Upon information and belief, SPS hires a third party, Safeguard Properties, LLC ("Safeguard") to order and/or perform property inspections of the Property.

44.     Upon information and belief, after each property inspection is conducted of the Property, Safeguard bills SPS for same.

45.     Upon information and belief, Safeguard charges SPS $12.00 per inspection conducted of the Property.

46.     Upon information and belief, thereafter, SPS charges Plaintiff $15.00 for each property inspection allegedly performed of the Property.

47.     Upon information and belief, all expenses advanced by SPS accrue interest at the Note rate.

48.     Upon information and belief, the result is in an unlawful overcharge of $3.00 to the Mortgage Loan for each inspection charged, which then accrues unlawful interest at the Note rate.

49.      SPS has been ordering property inspections indiscriminately and without any justifiable basis. They are unlawful, unreasonable, and fraudulent.

50.      SPS engages is such practice to minimize the costs incurred in servicing the Mortgage Loan, whilst maximizing profit, all at the expense of Plaintiff.

51.      Upon information and belief, SPS is marking-up the cost of the property inspections at the expense of Plaintiff.

**COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)**

52.      Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 38.

53.      Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

54.      Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed.*

*Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

55.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

56.     SPS has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that SPS did not provide a written acknowledgement or response to a request for information within the required timeframe.

57.     As such, SPS has violated 12 U.S.C. § 2605(k)(1)(E).

58.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

59.     Plaintiff is entitled to actual damages as a result of Defendant, SPS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs and postage costs incurred as a result of having to send additional correspondences due to SPS's failure to adequately respond to Plaintiff's RFI. *See* Rodriguez v. Seterus, Inc., No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015)(the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); Saint-Fleur v. JPMorgan Chase Bank, N.A., No. 15-cv-61110-WPD (S.D. Fla. 2015); Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same);

Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l

Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(the court finding that the plaintiffs sufficiently

alleged damages in the form of emotional distress, anxiety, embarrassment).

60.     Plaintiff is entitled to statutory damages in an amount not greater than $2000

pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SPS's pattern or practice of noncompliance

with Regulation X and RESPA.

61.     SPS has also violated Regulation X with respect to numerous loans it services,

including but not limited to, the following loans:

> (1) With respect to loan number ******6630, SPS violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
> (2) With respect to loan number ******2467, SPS violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
> (3) With respect to loan number ******8966, SPS violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.
> (4) With respect to loan number ******3838, SPS violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

62.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's

fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT II-VIOLATION OF FDCPA: 15 USC 1692e

63.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 51.

64.     15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by

*v.2*

any debt collector for the collection of a debt.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e

65.     The charge of $15.00 to the Mortgage Loan for each property inspection conducted is a false representation of the amount of a debt as SPS did not incur a charge of $15.00 for each property inspection. SPS purportedly incurred a charge of $12.00 from Safeguard for each property inspection but subsequently charged Plaintiff $15.00 for same.

66.     The charge of $15.00 to the Mortgage Loan for each property inspection conducted is a false representation or deceptive means to collect a debt as SPS has inflated the amount of a charge incurred so that SPS could profit off of the property inspection fees.

67.     The charge of $1.50 as a "MISC. CORPORATE DISBURSEMENT" is a false representation of an amount of a debt. Upon information and belief, the $1.50 charge is not attributable to any service rendered, which SPS may recoup.

68.     The charge of $1.50 as a "MISC. CORPORATE DISBURSEMENT" is a false representation of a service rendered. Upon information and belief, the $1.50 charge is not attributable to any service rendered, which SPS may recoup.

69.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

70.     As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

71.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has

agreed to pay a reasonable attorney's fee.

72.     As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k,

Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with

reasonable attorney's fees and court costs.

## COUNT III-VIOLATION OF FDCPA: 15 U.S.C. 1692f

73.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 51.

74.     15 U.S.C. §1692f states in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense
> incidental to the principal obligation) unless such amount is expressly authorized
> by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f

75.     The charge of $15.00 to the Mortgage Loan for each property inspection conducted

is the collection of an amount which is not permitted by law as SPS did not incur a charge of

$15.00 for each property inspection. SPS purportedly incurred a charge of $12.00 from Safeguard

for each property inspection but subsequently charged Plaintiff $15.00 for same.

76.     The charge of $1.50 as a "MISC. CORPORATE DISBURSEMENT" is the

collection of an amount which is not permitted by law. Upon information and belief, the $1.50

charge is not attributable to any service rendered, which SPS may recoup.

77.     SPS, through its agents, representatives and/or employees acting within the scope

of their authority violated 15 U.S.C. §1692f.

78.      As a direct and proximate result of the violation of the FDCPA by SPS, Plaintiff

has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful

charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and

embarrassment.

79.      Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has

agreed to pay a reasonable attorney's fee.

80.      As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k,

Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with

reasonable attorney's fees and court costs.

## COUNT IV-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

81.      Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 51.

82.      Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the
debt is not legitimate or assert the existence of some other legal right when such
person knows that the right does not exist.

Florida Statutes § 559.72(9).

83.      The charge of $15.00 to the Mortgage Loan for each property inspection conducted

is a claim or attempt to enforce a debt that SPS knows is not legitimate as SPS did not incur a

charge of $15.00 for each property inspection. SPS purportedly incurred a charge of $12.00 from

Safeguard for each property inspection but subsequently charged Plaintiff $15.00 for same. SPS

had actual knowledge that it was charging Plaintiff more than the actual cost of the inspection.

84.      The charge of $1.50 as a "MISC. CORPORATE DISBURSEMENT" is a claim or

attempt to enforce a debt that SPS knows is not legitimate as SPS is merely trying to increase the

amount of debt owed. Upon information and belief, the $1.50 charge is not attributable to any service rendered, which SPS may recoup.

85.    Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

86.    As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

87.    Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

88.    As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, CLAUDETTE DANIEL, respectfully asks this Court to enter an order granting judgment for the following:

(a)  That SPS be required to provide the information requested in Plaintiff's RFI;

(b)  That SPS be required to remove all property inspection and related fees from the Mortgage Loan;

(c)  For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f), 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(d)  Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CLAUDETTE DANIEL, hereby demands a trial by jury of all issues so triable.


Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786

*TL-9324*                                                                                           *v.2*